779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES BISHOP, Plaintiff-Appellant
v.
M. C. HAMBY, WARDEN; OFFICER BINKLEY, CORRECTIONAL OFFICER;
AND TENNESSEE DEPARTMENT OF CORRECTIONS
Defendants-Appellees.
 85-5030
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 AFFIRMED
 
 1
 M.D.Tenn.
 
 ORDER
 
 2
 BEFORE: ENGEL and KENNEDY, Circuit Judges, and COOK, District Judge*.
 
 
 3
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 In this action under 42 U.S.C. Sec. 1983, plaintiff seeks redress for a deprivation of personal property alleged to have occurred upon his entry into Turney Center. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). Plaintiff appeals the decision. On appeal, plaintiff has filed a pro se brief. Defendants have entered a limited appearance only, indicating to this Court that they will not further participate in this appeal.
 
 
 5
 Upon consideration, we find ourselves in agreement with the disposition of the case by the district court. Plaintiff's core due process claim against the individual prison guard must fail as Tennessee provides adequate postdeprivation remedies in these situations. See Smith v. Rose, 760 F.2d 102 (6th Cir. 1985). All other defendants could only be found liable under a theory of respondeat superior. The law is clear that liability under 42 U.S.C. Sec. 1983 will not lie on the basis of respondeat superior. Hays v. Jefferson County, Key., 668 F.2d 869 (6th Cir. 1982). For these reasons, and for the reasons contained in the decision on review, we affirm.
 
 
 6
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that the final order of the district court be and it is hereby affirmed.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation